**LI FANG ZHU, Petitioner.**

**v.**

**ATTORNEY GENERAL OF the UNITED STATES.**

No. 08–3084.

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit LAR 34.1(a) on Aug. 26, 2009.

Opinion filed Dec. 3, 2009.

Ephraim T. Mella, Esq., Philadelphia, PA, for Petitioner.

Richard M. Evans, Esq., Virginia M. Lum, Esq., Christina B. Parascandola, Esq., United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Attorney General of the United States.

Before: McKEE, NYGAARD and ROTH, Circuit Judges.

## OPINION

PER CURIAM:

Petitioner Li Fang Zhu, a native and citizen of the Fujian Province, People's Republic of China, entered the United States without possessing a valid visa, identity, or entry document in 2005, and was placed in removal proceedings for that reason. Subsequently, she applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Zhu claims that her village's family planning committee forced her to have an abortion in early 2004 because she was pregnant and unmarried. She also claims that she started practicing Falun Gong shortly after her abortion. She as-serts that if she is returned, she will be persecuted as a member of the Falun Gong and she will be subjected to forced sterilization under China's coercive family planning policy because she is now married with an American-born son.

After a hearing at which Zhu testified, the IJ denied relief, concluding that Zhu's testimony was incredible and that, in any event, it lacked corroboration. (A.R.53). The IJ characterized as "unequivocal" Zhu's testimony that she had no intention of leaving China until authorities sought to arrest her for practicing Falun Gong. (*Id.* at 48). According to the IJ, this "unequivocal" testimony contradicted Zhu's assertion that her abortion was "forced" and rebutted any presumption of a well-founded fear of future persecution based on an alleged forced abortion.[1] (*Id.*). The IJ also found that, although Zhu's written statement and oral testimony were essentially the same, both lacked sufficient detail to make her allegation of a "forced" abortion plausible. (*Id.* at 49). The IJ did not believe Zhu's "simple" testimony that her mother agreed to let her have the child out of wedlock. (*Id.* at 49–50). The IJ found that Zhu failed to explain why she wanted to be a single, unwed mother in a conservative culture like China's and why her mother simply agreed to let her have the child. (*Id.*). The IJ found fault with her failure to provide corroborating evidence, such as a letter or affidavit from her mother, with whom Zhu had been in touch by phone just before the hearing, or authenticated medical records indicating that she had had an abortion in China in 2004. *Id.* at 50.

The IJ concluded that Zhu's testimony about her involvement in the Falun Gong was incredible. The IJ noted that Zhu

---

1. The IJ misstated how the presumption for future persecution works in the case of an alien who demonstrated past persecution in the form of coerced abortion. The BIA, however, noted the correct law and resolved the case on other grounds.

displayed generally unremarkable knowledge about the practice of Falun Gong. (*Id.* at 51). Because Zhu's testimony was too general, the IJ looked to the presence of any corroborating evidence and found none. (*Id.* at 51–52). Although Zhu testified that, in April 2007, she had learned from her mother that Chinese authorities were still looking for her, Zhu failed to submit an affidavit or letter from her mother confirming Zhu's testimony. (*Id.* at 51). The IJ rejected Zhu's excuse that her mother was illiterate. (*Id.* at 51–52). The IJ also faulted Zhu for failing to provide affidavits or testimony from her husband or Philadelphia relatives with whom she lived before she got married who could confirm her practice of Falun Gong. (*Id.* at 52).

The IJ determined that Zhu failed to establish a well-founded fear of future harm under China's restrictive family planning policies based on the birth of her son, absent evidence showing that married people with one foreign-born child would be subjected to forced sterilization under China's family planning laws. (*Id.* at 52). The IJ found that current Chinese law, codified in 2002, outlawed coercive measures such as sterilization and abortion, replacing them with social compensation fees, or fines (calculated according to disposable income), as the primary means for enforcing the one-child policy. (*Id.*). Based on her findings, the IJ concluded that Zhu failed to show that submitting to a system of social compensation would be so burdensome to Zhu as to amount to "persecution" under the law. (*Id.* at 52–53). The IJ also found that Zhu's fear of sterilization after having a second child was speculative as she only had one child. (*Id.* at 53).

Zhu appealed, submitting new evidence, an affidavit from her mother and medical records from Temple Hospital (where she received prenatal care). In June 2008, the Board of Immigration Appeals ("BIA") dismissed the appeal. As to the merits of her asylum claim, the BIA did not rely on the IJ's adverse credibility finding as the Board did not accept her conclusion that it was implausible that an unmarried woman would decide to keep her child in China. (A.R.3). The BIA agreed, however, that Zhu failed to show by reasonably available evidence (such as affidavits and medical records) that she had a forced abortion in China in 2004, and that she was a practicing member of the Falun Gong. (*Id.*). The BIA also rejected Zhu's claim of a well-founded fear of future persecution because she failed to show that she would be subject to more than social compensation, such as fines or loss of government benefits, if she violated the family planning policy. (*Id.*).

The BIA construed Zhu's submission of corroborating evidence as a motion to remand and denied it, rejecting the affidavit from Zhu's mother and the medical records because they were reasonably available to Zhu prior to her hearing. (*Id.*). The BIA also ruled that the evidence would not change the result in Zhu's case, in any event, because it would be entitled to little, if any, weight. (*Id.*). The BIA noted that Zhu's mother was not available for cross-examination on her affidavit and that the medical record detailing the number of pregnancies and abortions had been altered. (*Id.*).

We have jurisdiction to review a final order of removal under 8 U.S.C. § 1252. *See Briseno–Flores v. Attorney General,* 492 F.3d 226, 228 (3d Cir.2007). Where, as here, the BIA issues a decision on the merits, we review the BIA's, not the IJ's, decision. *Li v. Attorney General,* 400 F.3d 157, 162 (3d Cir.2005). The BIA is bound by the IJ's factual determinations "including findings as to the credibility of testimony" and reviews these findings only to

determine whether they are clearly erroneous. 8 C.F.R. § 1003.1(d)(3)(i). "The BIA's conclusions regarding evidence of past persecution and the well-founded fear of persecution are findings of fact," which we review under the deferential substantial evidence standard. *Chavarria v. Gonzalez,* 446 F.3d 508, 515 (3d Cir.2006). Under the deferential substantial evidence standard, the BIA's findings "must be upheld unless the evidence not only supports a contrary conclusion, but compels it." *Abdille v. Ashcroft,* 242 F.3d 477, 484 (3d Cir.2001). For the reasons that follow, the petition will be denied.

■■■ In her petition for review, Zhu asserts that the IJ and BIA erred in finding that she failed to show by reasonably available evidence that she suffered a forced abortion and that she was a Falun Gong practitioner.[2] As the Government correctly stated in its response brief, this case concerns the sufficiency of the evidence, not credibility, as the BIA did not affirm the IJ's adverse credibility finding. *See Kayembe v. Ashcroft,* 334 F.3d 231, 235 (3d Cir.2003). As we have previously acknowledged, the IJ may require corroborating documentation even where an applicant is credible, and such corroboration is required "where it is reasonable to expect such proof from a witness and there is no satisfactory explanation for its absence." *Obale v. Atty. Gen.,* 453 F.3d 151, 163 (3d Cir.2006). The BIA's holding that Zhu failed to establish past persecution for asylum purposes is supported by substantial evidence. Zhu failed to present reasonably available evidence of her forced abortion in the form of authenticated medical records from China or affidavits. *See Chen v. Gonzales,* 434 F.3d 212, 221–22 (3d Cir.2005) (holding that petitioner failed to

provide reasonably available evidence, including medical records, to support her forced abortion claim). Nor did Zhu provide any reasonably available affidavit(s) showing that she practiced Falun Gong. Substantial record evidence also supports the Board's determination that Zhu failed to demonstrate a well-founded fear of future harm due to the birth of her son in the United States because she has not shown that she would be subjected to more than fines and loss of benefits if she violates the one-child rule upon her return to China.

Based on the record, the BIA's denial of Zhu's asylum application is supported by substantial evidence. We cannot say that any reasonable adjudicator would be compelled to conclude to the contrary.

Because Zhu failed to satisfy the lower burden of proof required for asylum, she is necessarily ineligible for withholding of removal. *See Immigration & Naturalization Services v. Cardoza–Fonseca,* 480 U.S. 421, 430–32, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987). Moreover, the BIA determined that Zhu did not meet her burden of establishing that it is more likely than not that she will be tortured upon her return to China, 8 C.F.R. §§ 208.16, 208.18, and we conclude that the record does not compel a different conclusion.

■■■ Finally, the BIA did not abuse its discretion in denying Zhu's request to remand the matter to the IJ for consideration of Zhu's belated proffer of Temple University Hospital medical records and an affidavit from her mother. *See Sevoian v. Ashcroft,* 290 F.3d 166, 170 (3d Cir.2002) (standard of review). The documents were not "new" as both were reasonably available to Zhu prior to her removal hear-

---

**2.** Arguably, the Government is correct in asserting that Zhu waived her appeal of the Board's finding that she failed to corroborate her claim because she failed to include suffi-

cient argument in her brief. We will exercise our discretion, however, and address the merits of the claim. *See e.g., Bullock v. Dressel,* 435 F.3d 294, 300 (3d Cir.2006).

ing. We note that the medical records merely detailed the number of pregnancies and abortions Zhu had but did not indicate where she had an abortion (in China or in the United States) or whether she had reported that the abortion(s) were coerced.

Accordingly, we will deny the petition for review.